

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-6-2005

# Walker v. Fisher

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1437

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Walker v. Fisher" (2005). *2005 Decisions.* Paper 446.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/446

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

EPS-51                                                **NOT PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1437

_____

EDWIN WALKER,

Appellant

v.

MICHAEL FISHER, INDIVIDUALLY
AND AS ATTORNEY GENERAL;
PATRICK LEONARD, INDIVIDUALLY
AND AS SPEC. PROSECUTOR;
JACK SHARKEY, INDIVIDUALLY
AND AS TASK FORCE AGENT;
JAMES AVERY, INDIVIDUALLY
AND AS TASK FORCE AGENT;
PAUL J. ROBERTS, INDIVIDUALLY
AND AS JUSTICE OF THE PEACE;
PETER PAUL OLSZEWSKI;
DAVID LUPAS, LUZERNE COUNTY
DISTRICT ATTORNEY IN THEIR OFFICIAL CAPACITY;
THOMAS GATES, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY
AS JUDGE OF DAUPHIN COUNTY;
JOSEPH AUGELLO, HON., INDIVIDUALLY
AND AS PRESIDENT JUDGE OF LUZERNE COUNTY;
PATRICK J. TOOLE, JR., HON., INDIVIDUALLY
AND AS JUDGE OF LUZERNE COUNTY;
WILLIAM GUZZI, INMATE, INDIVIDUALLY AND
IN HIS INDIVIDUAL CAPACITY AS INMATE
ALL SUED IN THEIR INDIVIDUALLY AND
IN THEIR OFFICIAL CAPACITY

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 01-cv-00578)
District Judge: Honorable Eduardo C. Robreno
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
SEPTEMBER 26, 2005

Before:  SLOVITER, ROTH AND NYGAARD, <u>Circuit Judges</u>.

(Filed:  October 6, 2005)

_____

OPINION

_____

PER CURIAM

Appellant, Edwin Walker, appeals from the orders of the District Court for the Eastern District of Pennsylvania granting judgment in the defendants' favor and dismissing his civil rights action for false arrest, false imprisonment, excessive use of force, and malicious prosecution.

The background and travel of this case is well-known to the parties, and thus, we need only provide a summary here.  Walker was arrested on March 13, 1998, and convicted in Luzerne County Pennsylvania of multiple controlled substance charges.  He is currently serving a sentence of imprisonment in a state correctional facility.  On February 5, 2001, Walker filed a civil rights complaint claiming that he was illegally convicted.  He alleged that all of the defendants conspired to violate his constitutional

rights by arresting him without probable cause, by searching his home without a warrant, and by allowing a Commonwealth witness, William Guzzi, to present perjured testimony to the jury.[1]  He also alleged that one of the defendants, Task Agent Avery, used excessive force in effecting Walker's arrest.  Walker sought damages.

On July 15, 2002, and May 5, 2003, respectively, the District Court dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6), all claims against judges Augello, Toole, Gates, and Roberts as barred by the doctrine of judicial immunity and all claims against prosecutorial defendants Lupas and Olszewski as barred by the doctrine of prosecutorial immunity.  On September 2, 2003, the District Court dismissed all claims against Commonwealth defendants former Attorney General Fisher, Deputy Attorney General Leonard, and Task Agent Starkey, on several grounds.  First, the District Court held that absent any evidence that Walker's conviction was invalidated, his complaint for damages was not cognizable under Heck v. Humphrey, 512 U.S. 477 (1994).  But the District Court also held that Walker's claims against Fisher and Sharkey failed under Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988), because none of the allegations supported an inference that they were personally involved.  The District Court also found that prosecutorial immunity barred suit against Leonard.  Finally, the District Court denied Task Agent Avery's motion to dismiss Walker's excessive use of force

---

[1]  The District Court severed Walker's action against Guzzi on November 12, 2003.  See Walker v. Guzzi, Civ. A. No. 03-06193.

3

claim.

Both Walker and Avery moved for summary judgment. Avery contended that the excessive force claim was barred by the statute of limitations. The District Court denied Walker's motion and granted summary judgment in Avery's favor on January 24, 2005, holding that the complaint was time-barred and that equitable tolling was not warranted. Walker timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Walker has been granted leave to proceed IFP on appeal. Because his appeal lacks arguable merit, we will dismiss it pursuant to § 1915(e)(2)(B)(I). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

Substantially for the same reasons set forth by the District Court, we conclude that Walker's civil rights complaint was properly dismissed for failure to state a claim upon which relief can be granted and that the District Court properly entered judgment in Avery's favor pursuant to Fed. R. Civ. P. 56. Assuming in Walker's favor that his false arrest/imprisonment claim is not barred by Heck, the claim is barred, in any event, by the statute of limitations. See Montgomery v. DeSimone, 159 F.3d 120, 126 (3d Cir. 1998). Here, because Heck's deferred accrual rule does not apply, Walker's Fourth Amendment claim accrued on the day that he was arrested, March 13, 1998. Under the applicable two year statute of limitations, Pa. Cons. Stat. Ann. § 5524, Walker had until March 2000 to file a timely complaint. The complaint was filed in February 2001, well after the limitations period had expired.

4

Accordingly, the appeal will be dismissed. Walker's motions for appointment of counsel and for entry of judgment of default are denied.